UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| THOMAS GIOMBETTI and MAYRA GIOMBETTI<br><br>Plaintiffs,<br><br>v.<br><br>CHAD F. WOLF, *Acting Secretary of U.S. Department of Homeland Security*; U.S. DEPARTMENT OF HOMELAND SECURITY; U.S. CITIZENSHIP & IMMIGRATION SERVICES; LESLIE TRITTEN, *Minneapolis Field Office Director of USCIS*; and EXECUTIVE OFFICE FOR IMMIGRATION REVIEW,<br><br>Defendants. | Civil No. 20-873 (JRT/ECW)<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR FEES** |

Nicholas Ratkowski, **CONTRERAS & METELSKA, P.A.**, 200 University Avenue West, Suite 200, Saint Paul, MN 55103, for plaintiffs.

Erin M. Secord, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis MN 55415, for defendants.

**BACKGROUND**

Plaintiff Mayra Giombetti and her husband Thomas Giombetti brought this action in April 2020, seeking relief relating to an immigration waiver application. (Docket Nos. 1, 5, 15, 18.) The Court granted in part Defendants' Motion to Dismiss (Docket No. 23) for lack of jurisdiction, and denied the Giombettis' Motion for Temporary Restraining

Order, instead simply urging Giombetti to file her waiver application as soon as possible, as that appeared to be the appropriate remedy to resolve the dispute (Order, Docket No. 37). Giombetti did eventually file her application (Docket No. 38), which was accepted by the appropriate agency (Docket No. 39), and the case was dismissed (Docket No. 42).

Giombetti now brings a motion seeking attorney's fees. (Docket No. 44.) Because the Giombettis were not a prevailing party, they are not eligible to claim attorney's fees under 28 U.S.C. § 2412(d)(1).

## ANALYSIS

### I. EQUAL ACCESS TO JUSTICE ACT

The Equal Access to Justice Act ("EAJA") allows for an award of attorney's fees under certain circumstances. 28 U.S.C. § 2412(d)(1)(A). One requirement of an award is that the claimant be a "prevailing party." *Id.* To be considered a prevailing party, "a plaintiff must obtain actual relief on the merits of his claim that materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *John T. ex rel. Robert T. v. Iowa Dep't of Educ.*, 258 F.3d 860, 863–64 (8th Cir. 2001) (cleaned up.) Such a change must come from the Court in the form of a judgment, or a consent decree. *Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Human Res.*, 532 U.S. 598, 605 (2001) (repudiating the "catalyst theory" of attorney's fee awards). Although the Eighth Circuit has not specifically spoken on the application of *Buckhannon* to the EAJA, there is no reason to think that the EAJA would

be exempted from the rule.  *See Tawakal Halal LLC v. United States*, No. 17-CV-4732 (ECT/TNL), 2019 WL 6243157, at *2 (D. Minn. Nov. 22, 2019) (collecting cases).  Withstanding a motion to dismiss is insufficient to qualify as "prevailing"; so is a "defendant's voluntary change in conduct," even if the voluntary change is precisely "what the plaintiff sought to achieve by the lawsuit"  *Buckhannon*, 532 U.S. at 605.

Here, Plaintiffs appear to rely on the invalid "catalyst theory" as the basis for their claims, arguing that their lawsuit "was the catalyst which compelled USCIS to change its unreasonable prelitigation position." (Mem. in Support at 13, July 21, 2020, Docket No. 48.)  The Court denied the Giombettis' request for injunctive relief, and dismissed many, though not all, of the claims in the First Amended Complaint.  Because denial of a motion to dismiss is insufficient for a fee award, and because the Supreme Court has expressly disclaimed the "catalyst theory" of voluntary change, the Giombettis have not demonstrated that they were prevailing parties within the meaning of the EAJA.

Because the Giombettis have not shown they were prevailing parties, they are not eligible to claim attorney's fees under the EAJA.  Accordingly, the Court will deny their motion.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiffs' Motion for Attorney's Fees [Docket No. 44] is **DENIED.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: August 20, 2020
at Minneapolis, Minnesota.

_____
JOHN R. TUNHEIM
Chief Judge
United States District Court